UNITED STATE DISCTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| SCOTT EAMES, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No.: 2:25-cv-13 |
| v. | ) | |
| | ) | |
| NILE, | ) | |
| | ) | |
| **SERVE:** | ) | |
| **Karl Sanders** | ) | **JURY TRIAL DEMANDED ON** |
| **8 Chalford Lane** | ) | **ALL CLAIMS PROPERLY** |
| **Taylors, South Carolina 29687-4326** | ) | **TRIABLE TO A JURY** |
| | ) | |
| WORLD ENTERTAINMENT, INC. | ) | |
| | ) | |
| **SERVE:** | ) | |
| **Authorized Agent** | ) | |
| **72 Rumson Road** | ) | |
| **Rumson, New Jersey 07760** | ) | |
| | ) | |
| NAPALM RECORDS Handels GmbH | ) | |
| | ) | |
| **SERVE:** | ) | |
| **Authorized Agent** | ) | |
| **219 Montgomery Street** | ) | |
| **Jersey City, NJ, 07302** | ) | |
| | ) | |
| CENTURY MEDIA RECORDS GmbH | ) | |
| | ) | |
| **SERVE:** | ) | |
| **Authorized Agent** | ) | |
| **13428 Maxella Ave. #661** | ) | |
| **Marina Del Rey, California** | ) | |
| | ) | |
| SONIA GOLDBERG | ) | |
| | ) | |
| **SERVE:** | ) | |
| **Sonia Goldberg** | ) | |
| **10 Roosevelt Place, Apt. 42** | ) | |
| **Montclair, NJ 07042** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT

Soctt Eames ("Eames" or "Plaintiff"), by and through undersigned counsel, states as follows for his claims against NILE, World Entertainment, Inc. ("World Entertainment"), Napalm Records ("Napalm"), Century Media, Inc. ("Century"), and Sonia Goldberg ("Goldberg") (collectively "Defendants"):

### Parties, Jurisdiction & Venue

1.  NILE is a band that operates as a general partnership based out of the state of South Carolina with its principal place of business in Taylors, South Carolina.

2.  World Entertainment, Inc. is a corporation organized and existing under the laws of New Jersey with a principal place of business at 72 Rumson Road, Rumson, New Jersey 07760, and is authorized to, and does, conduct business and engages in interstate commerce in the state of Missouri, including the Eastern District of Missouri.

3.  Napalm Records Handels GmbH is a foreign corporation organized and existing under the laws of Austria and is authorized to, and does, conduct business and engages in interstate commerce in the state of Missouri, United States including the Eastern District of Missouri with a U.S. office located at 219 Montgomery Street, Jersey City, NJ, 07302.

4.  Century Media Records GmbH is a foreign corporation organized and existing under the laws of Germany and is authorized to, and does, conduct business and engages in interstate commerce in the state of Missouri, United States including the Eastern District of Missouri with a U.S. office located at 13428 Maxella Ave. #661, Marina Del Rey, California,

5.  Sonia Goldberg is a resident of the state of New Jersey.

6.  Plaintiff is a resident of Moberly, Randolph County, Missouri.

7.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 because there is

complete diversity of citizenship between the Plaintiff and Defendants and the amount in controversy exceeds $75,000.00.

8.   Venue is proper in this division pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

9.   These claims are filed within the prescribed time limits set forth in the applicable laws and the Complaint is timely filed as to all claims.

## FACTS COMMON TO ALL COUNTS

10. Eames is a renowned musician who has been actively involved in the music industry most of his adult life.

11. Defendant NILE is a death metal band founded in 1993 that has released twelve (12) Albums, the most recent of which, "The Underworld Awaits Us All", was released August 23, 2024.

12. Defendant World Entertainment Inc. provides management for NILE.

13. Napalm is a rock and heavy metal record label and is the record label for NILE's latest album "The Underworld Awaits Us All."

14. Defendant Century is a heavy metal music label.

15. Defendant Goldberg is the Associate Director of Product Management for Defendant Century and was, at all times relevant herein, acting as an employee and/or agent of Defendant Century; she formerly served as the Digital Marketing Manager at Defendant Napalm.

### Eames Involvement with NILE

16. Eames was a member of the band NILE from mid-2021 until October 26, 2023, Eames toured with NILE from mid-2021 to November 2022, performed guitar and vocals stage left, and was paid $700/week.

17. Eames was paid for his performances with NILE by Defendant World Entertainment as the manager for NILE.

18. Eames had multiple conversations with NILE regarding his permanent involvement with the band for future live shows, tours, festivals, studio recording, and song writing.

19. Eames and NILE founder Karl Sanders discussed a plan for Eames to become the third permanent member of NILE until Sanders eventually retired and the band ceased performing.

20. As a result of these ongoing discussions and negotiations, Eames and Defendant NILE agreed that Eames would serve as a permanent member of NILE.

21. Beginning in November 2022, Eames was moved to stage-front center, performed as the Frontman, main-vocalist, and guitarist, and received $850/week in compensation.

22. Eames was paid to help train and prepare a new bassist for NILE in preparation for its upcoming tour.

23. In the late summer and early fall of 2023, Eames and NILE were preparing to record and release a new album "The Underworld Awaits Us All" ("Underworld") and subsequent European, World, and U.S. Tours to promote the album.

24. In connection with this, Eames performed pre-production vocals, was sent lyrics and songs to practice/rehearse for future recordings, created guitar solo videos to share with NILE for review, and traveled to South Carolina to record vocals and guitar for the album.

25. In early May 2023, Eames traveled to Austria to participate in business meetings and a business dinner between NILE and Defendant Napalm to discuss the upcoming Underworld album and tours.

26. NILE, Napalm, and World Entertainment had an agreement with Eames that he would perform as a member of NILE on the Underworld album and promotional tours.

27. In October 2023 Napalm, World Entertainment, and NILE were in the process of finalizing the NILE Underworld album and tours and announcing the NILE band lineup, to include Eames, for the upcoming Underworld album and tours.

28. As a member of NILE, Eames was to receive tour compensation on a weekly basis, revenue from the release of the album and sales, royalties on future uses of the album, album streaming, and merchandise sales, as well as endorsement and advertising revenue.

### October 23, 2023, False Posts

29. On or about October 23, 2023, a fake article was posted on internet websites Medium.com and NewsBreak.com which falsely stated that Eames had been criminally charged in Moberly, Randolph County. MO, with multiple counts of battery and sexual assault, claiming authorities were notified of the crimes and that multiple women, including a minor, had reported years of domestic violence and abuse ("Posts").[1]

30. The articles included Eames name and a photo of Eames credited to MO Newsdesk 13 (a local cable news affiliate) and was created to appear to be an official press release.

31. The claims in these articles are completely false and Eames has never been criminally charged with battery, sexual assault, domestic violence/abuse, or minor abuse.

32. The articles were falsely published under the identity of a Missouri based author and self-proclaimed domestic violence advocate and survivor; the actual identity of the Posts' creators remains unknown.[2]

33. Contacting the purported author would have quickly revealed she had no involvement in the Posts and would have revealed the deceitful, deceptive, and fraudulent intention of the Posts.

---

[1] These Posts were subsequently removed in response to a cease-and-desist letter from counsel for non-conformance with the websites' posting policies prohibiting false information.

[2] The purported author of the articles confirmed she did not write them and was in contact with local police regarding the theft and use of her identity online.

34. A simple investigation of the Medium.com and Newsbreak.com websites make clear that the content is "user" created, and anyone can *create* and publish their own content.

35. The simple step of calling the Randolph County Sheriff's Department and/or Moberly Police Department would confirm the falsity of these claims and the fact that no criminal charges were pending against Eames.

36. Moreover, a simple check of Missouri case.net, the publicly available state court records system, establishes that no criminal charges are pending against Eames.

37. Even the most basic level of inquiry into the voracity of the Posts would have quickly revealed the falsity of the Posts.

38. At all times relevant Defendants knew, or reasonably should have known, that the Posts were false.

39. Upon information and belief, Defendants disseminated, discussed, published, and propagated the false information about Eames contained in the fake Posts despite the obvious falsity of the statements.

40. Copies of the false Posts were circulated widely within the heavy metal music industry and Eames' network including his then current band Defendant NILE, past bands, band managers, World Entertainment, colleagues, endorsement companies, and record labels including Defendants Napalm and Century.

### Eames Removed from NILE, Underworld Album, and Underworld Tours due to False Information contained in the Posts

41. On or about October 24, 2023, Eames discussed these fake Posts and false statements with NILE and assured them they were completely false and were nothing more than a smear campaign against him.

42. Defendant NILE acknowledged Eames' innocence and assured him they knew the Posts

were false and a smear campaign.

43. On or about October 25, upon information and belief, Defendant Goldberg, the Associate Director of Product Management for Defendant Century, contacted the Moberly Police Department inquiring about the purported criminal charges and also contacted a local news affiliate KRCG News to share the Newbreak.com and Medium.com Posts and encourage them to report on the Posts in local news broadcasts.[3]

44. Upon information and belief, Defendant Goldberg, as an employee and/or agent of Defendant Century, shared the false Posts and false information contained therein with contacts within the heavy metal industry, including her former employer Defendant Napalm, in an effort to prevent Eames from performing with NILE.

45. On October 26, 2024, NILE announced the lineup for its Underworld album and tours which did not include EAMES.

46. An October 26, 2024, article announcing the lineup posted on Metal Insider (a prominent online heavy metal publication) indicated that Eames was not included in the NILE Underworld lineup and included a link to the false Posts on Medium.com and Newsbreak.com.[4]

47. In conversations after the decision to drop Eames from its album and touring lineup and effectively remove Eames from the band, NILE cited heavy pressure and instruction from Defendants Napalm and World Entertainment to remove Eames from the band due to the information contained in the false Posts on Newsbreak.com and Medium.com despite their obvious falsity.

48. Defendants relied on the false information in the Posts, despite their obvious falsity, to

---

[3] KRCG declined to cover the story because its investigation could not verify the truth of the posts. Moberly PD similarly informed Defendant Goldberg it was unaware of any criminal charges against Eames.
[4] The links and reference to the false statements were subsequently removed in response to a letter from Eames counsel indicating the falsity of the statements and Posts.

orchestrate the removal of Eames from NILE.

49. Eames removal from Defendant NILE and its Underworld album exemplifies "cancel culture" at its worst- Eames entire career and advancement in the music industry was halted because of two obviously fake online Posts falsely accusing him of criminal sexual misconduct.

50. The falsity of the Posts was readily apparent to anyone that did a basic inquiry into the content and information contained in the Posts.

51. Defendants' conduct in causing Eames to be removed from the band NILE in response to the false Posts served to legitimize the false content of the Posts and caused further harm and damage to Eames.

52. Eames removal from NILE, and especially its upcoming album and tours, as a result of the completely false online Posts and their wide circulation within the heavy metal music industry by and amongst Defendants, has caused Eames severe and irreparable harm in the form of lost compensation as a member of NILE, lost compensation related to the "Underworld" album sales, lost royalties related to downloads and future use of the album, and lost endorsements and sponsorship compensation; it has caused him to suffer irreparable damages to his reputation within the heavy metal industry and severely limits his ability to make a living in his profession; it has caused him to suffer severe emotional and psychological distress and injury, all to his injury and damage.

## COUNT I- EAMES V. NILE
### Breach of Oral Contract

53. Eames realleges and incorporates paragraphs 1-52 as if fully set forth herein.

54. Defendant NILE and Eames orally agreed that Eames would perform as a member of NILE stage-front center, perform as the Frontman, main-vocalist, and guitarist, and receive $850/week in compensation for its Underworld album and subsequent promotional tours.

55. Per the agreement, Eames was to receive tour compensation on a weekly basis, revenue from the release of the album and sales, royalties on future uses of the album and album streaming, merchandise sales, and endorsement and advertising revenue.

56. Eames fully performed all obligations under the agreement with Defendant NILE.

57. On or about October 26, 2023, Defendant NILE breached its agreement with Eames when it announced its Underworld album and tour lineup without Eames and then proceeded to record and release the Underworld album and perform the Underworld tours without Eames.

58. As a result of Defendant NILE's breach, Eames has suffered actual damages in the form of past and future lost tour compensation, past and future loss of revenue from the album release and album sales, past and future lost royalties on use and streaming of the album, past and future lost revenue from merchandise sales, consequential damages in the form of lost advertising and endorsement revenue, as well as other damages all to his harm.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count I of his Complaint, in an amount which is fair and reasonable in excess of $75,000.00, together with interest at the legal rate, including prejudgment interest, plus costs of suit, and for such other and further relief as the Court deems just and reasonable under the circumstances.

## COUNT II- EAMES V. NILE
## TORTIOUS INTEREFERENCE

59. Eames realleges and incorporates paragraphs 1-52 as if fully set forth herein.

60. Defendants NILE, Napalm, World Entertainment and Eames had an agreement that Eames would perform as a member of NILE on its Underworld album and ensuing Underworld tours.

61. On or about October 26, 2023, Defendant NILE announced its Underworld album and touring band line-up without Eames and proceeded to record and release Underworld and

perform the album on tours without Eames.

62. Defendant NILE caused the agreement with Eames to be breached intentionally and without justification or excuse.

63. In causing the breach of the agreement with Eames, Defendant NILE used improper means, including misrepresentation of fact, to induce the breach of said contract.

64. The acts and conduct of Defendant NILE described herein caused damage to Eames as a result of the loss of the business opportunity described herein.

65. As a result, Eames has suffered actual damages in the form of past and future lost tour compensation, past and future loss of revenue from the album release and album sales, past and future lost royalties on use and streaming of the album, past and future lost revenue from merchandise sales, consequential damages in the form of lost advertising and endorsement revenue, as well as other damages all to his harm.

66. Defendant's conduct herein was willful, intentional and outrageous, in that Defendant made false and misleading statements about Eames which evidence an evil motive or reckless indifference to the rights of others, warranting punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count II of his Complaint, in an amount which is fair and reasonable in excess of $75,000.00, together with interest at the legal rate, including prejudgment interest, plus costs of suit, punitive damages, and for such other and further relief as the Court deems just and reasonable under the circumstances.

## COUNT III- EAMES V. NILE
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

67. Eames adopts and incorporates by reference paragraphs 1-52 above as though fully set forth herein.

68. Defendant owed Eames a duty of ordinary care.

69. Defendant's reliance upon and use and propagation of the false online statements against Eames contained in the obviously fake Posts regarding non-existent criminal charges to cause Eames to be removed from its band, Underworld album, and tours constitute a breach of that duty.

70. Defendant knew, or reasonably should have known, that its conduct towards Eames and breaches of its duties to Eames involved an unreasonable risk of causing Eames emotional distress.

71. Defendant's conduct and breach of its duties towards Eames were reasonably certain to cause emotional distress in an ordinary person.

72. As a result of Defendant's conduct, acts, omissions, and/or breach of its duties, Eames has suffered and continues to suffer emotional distress, mental anguish, depression, and anxiety.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count III of his Complaint, in an amount which is fair and reasonable in excess of $75,000.00, together with interest at the legal rate, including prejudgment interest, plus costs of suit, and for such other and further relief as the Court deems just and reasonable under the circumstances.

### COUNT IV- EAMES V. NILE
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

73. Eames adopts and incorporates by reference paragraphs 1-52, 67-72 above as though fully set forth herein.

74. Defendant's conduct and breath of its duties to Eames were done intentionally and/or recklessly to knowingly cause Plaintiff to suffer emotional distress and mental anguish.

75. Defendant's conduct and breach of its duties to Eames were done due to an evil motive and/or reckless indifference to the rights of Eames.

76. Defendant's conduct herein was willful, intentional and outrageous, in that Defendant

made false and misleading statements about Eames which evidence an evil motive or reckless indifference to the rights of others, warranting punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count IV of his Complaint, in an amount which is fair and reasonable in excess of $75,000.00, together with interest at the legal rate, including prejudgment interest, plus costs of suit, punitive damages, and for such other and further relief as the Court deems just and reasonable under the circumstances.

## COUNT V- EAMES V. NILE
### CONSPIRACY

77. Eames adopts and incorporates by reference paragraphs 1-52 above as though fully set forth herein.

78. This Defendant wrongfully agreed and conspired together with the other Defendants to defame Eames and prevent Eames from performing on Defendant NILE's Underworld album and promotional tours without justification or excuse.

79. Defendants willfully and wantonly, with malice and knowing disregard for Eames' welfare worked together to defame Eames and prevent Eames from performing on Defendant NILE's Underworld album and promotional tours without justification or excuse.

80. As a result, Eames has suffered actual damages in the form of past and future lost tour compensation, past and future loss of revenue from the album release and album sales, past and future lost royalties on use and streaming of the album, past and future lost revenue from merchandise sales, consequential damages in the form of lost advertising and endorsement revenue, as well as other damages all to his harm.

81. Defendant's conduct herein was willful, intentional and outrageous, which evidences an evil motive or reckless indifference to the rights of others, warranting punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count V of his Complaint, in an amount which is fair and reasonable in excess of $75,000.00, together with

interest at the legal rate, including prejudgment interest, plus costs of suit, punitive damages, and for such other and further relief as the Court deems just and reasonable under the circumstances.

## COUNT VI- EAMES V. NAPALM
## TORTIOUS INTERFERENCE

82. Eames realleges and incorporates paragraphs 1-52 as if fully set forth herein.

83. Defendants NILE, Napalm, World Entertainment and Eames had an agreement that Eames would perform as a member of NILE on its Underworld album and ensuing Underworld tours.

84. On or about October 26, 2023, Defendant NILE announced its Underworld album and touring band line-up without Eames and proceeded to record and release Underworld and perform the album on tours without Eames.

85. Defendant Napalm instructed NILE to breach its agreement with Eames and remove him from the band, Underworld album, and Underworld tours because of the obviously fake Posts which Napalm knew or reasonably should have known were false.

86. Defendant caused the agreement with Eames to be breached intentionally and without justification or excuse.

87. In causing the breach of the agreement with Eames, Defendant used improper means, including misrepresentation of fact, to induce the breach of said contract.

88. The acts and conduct of Defendant described herein caused damage to Eames as a result of the loss of the business opportunity described herein.

89. As a result, Eames has suffered actual damages in the form of past and future lost tour compensation, past and future loss of revenue from the album release and album sales, past and future lost royalties on use and streaming of the album, past and future lost revenue from merchandise sales, consequential damages in the form of lost advertising and endorsement

revenue, as well as other damages all to his harm.

90. Defendant's conduct herein was willful, intentional and outrageous, in that Defendant made false and misleading statements about Eames which evidence an evil motive or reckless indifference to the rights of others, warranting punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count VI of his Complaint, in an amount which is fair and reasonable in excess of $75,000.00, together with interest at the legal rate, including prejudgment interest, plus costs of suit, punitive damages, and for such other and further relief as the Court deems just and reasonable under the circumstances.

## COUNT VII- EAMES V. NAPALM
## DEFAMATION PER SE

91. Eames adopts and incorporates by reference paragraphs 1-52 above as though fully set forth herein.

92. Defendant published and repeated false information about Eames that he was facing criminal charges related to sexual misconduct.

93. Specifically, Defendant published and repeated false information that Eames had been criminally charged in Moberly, Randolph County. MO, and accused of multiple counts of battery and sexual assault, claiming authorities were notified of the crimes and that multiple women, including a minor, had reported years of domestic violence and abuse.

94. A basic inquiry into the Posts easily reveals their falsity.

95. Defendant's use and propagation of the false information contained in the Posts as the basis to cause the removal of Eames from NILE, its Underworld album, and its Underworld tour served to legitimize the obviously fake posts and false information, causing further damage and injury to Eames reputation.

96. Each of the aforementioned statements are false and Defendant knew, or reasonably should have known, they were false when they were published.

97. Each of the aforementioned statements imply sexual immorality and criminal conduct by

Eames constituting defamation *per se*.

98. Defendant negligently published this false information about Eames.

99. Defendant knowingly published this false information in an effort to defame Eames reputation and harm his career in the music industry.

100.     Defendant's publication of this information identified Eames by his name.

101.     As a result of the publication of these false and defamatory statements, Eames has suffered and continues to suffer irreparable harm to his reputation.

102.     As a result of publication of these false and defamatory statements, Eames has lost and/or been rejected for opportunities within the music industry for which he is otherwise qualified causing him continuous and ongoing financial injury.

103.     Defendant's publication of this defamatory information was done recklessly to cause Eames to suffer reputational harm due to an evil motive and/or reckless indifference to the rights of Eames, warranting punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count VII of his Complaint, in an amount which is fair and reasonable in excess of $75,000.00, together with interest at the legal rate, including prejudgment interest, plus costs of suit, punitive damages, and for such other and further relief as the Court deems just and reasonable under the circumstances.

## COUNT VIII- EAMES V. NAPALM
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

104.     Eames adopts and incorporates by reference paragraphs 1-52 above as though fully set forth herein.

105.     Defendant owed Eames a duty of ordinary care.

106.     Defendant's reliance upon, and use and propagation of, the false online statements against Eames contained in the obviously fake Posts regarding non-existent

criminal charges to cause Eames to be removed from NILE, the Underworld album, and the Underworld tours constitute a breach of that duty.

107.    Defendant knew, or reasonably should have known, that its conduct towards Eames and breaches of its duties to Eames involved an unreasonable risk of causing Eames emotional distress.

108.    Defendant's conduct and breach of its duties towards Eames were reasonably certain to cause emotional distress in an ordinary person.

109.    As a result of the Defendant's conduct, acts, omissions, and/or breach of its duties, Eames has suffered and continues to suffer emotional distress, mental anguish, depression, and anxiety.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count VIII of his Complaint, in an amount which is fair and reasonable in excess of $75,000.00, together with interest at the legal rate, including prejudgment interest, plus costs of suit, and for such other and further relief as the Court deems just and reasonable under the circumstances.

## COUNT IX- EAMES V. NAPALM
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

110.    Eames adopts and incorporates by reference paragraphs 1-52, 104-109 above as though fully set forth herein.

111.    Defendant's conduct and breach of its duties to Eames were done intentionally and/or recklessly to knowingly cause Plaintiff to suffer emotional distress and mental anguish.

112.    Defendant's conduct and breach of its duties to Eames were due to an evil motive and/or reckless indifference to the rights of Eames.

113.    Defendant's conduct herein was willful, intentional and outrageous, in that Defendant made false and misleading statements about Eames which evidence an evil motive or reckless indifference to the rights of others, warranting punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count IX of his

Complaint, in an amount which is fair and reasonable in excess of $75,000.00, together with interest at the legal rate, including prejudgment interest, plus costs of suit, punitive damages, and for such other and further relief as the Court deems just and reasonable under the circumstances.

## COUNT X- EAMES V. NAPALM
## CIVIL CONSPIRACY

114.     Eames adopts and incorporates by reference paragraphs 1-52 above as though fully set forth herein.

115.     This Defendant wrongfully agreed and conspired together with the other Defendants to defame Eames and prevent Eames from performing as a member of NILE and on Defendant NILE's Underworld album and promotional tours without justification or excuse.

116.     Defendants willfully and wantonly, with malice and knowing disregard for Eames' welfare worked together to prevent Eames from performing on Defendant NILE's Underworld album and promotional tours without justification or excuse.

117.     As a result, Eames has suffered actual damages in the form of past and future lost tour compensation, past and future loss of revenue from the album release and album sales, past and future lost royalties on use and streaming of the album, past and future lost revenue from merchandise sales, consequential damages in the form of lost advertising and endorsement revenue, as well as other damages all to his harm.

118.     Defendant's conduct herein was willful, intentional and outrageous, which evidences an evil motive or reckless indifference to the rights of others, warranting punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count X of his Complaint, in an amount which is fair and reasonable in excess of $75,000.00, together with interest at the legal rate, including prejudgment interest, plus costs of suit, punitive damages, and for such other and further relief as the Court deems just and reasonable under the circumstances.

## COUNT XI- EAMES V. WORLD ENTERTAINMENT
## TORTIOUS INTERFERENCE

119.     Eames realleges and incorporates paragraphs 1-52 as if fully set forth herein.

120.     Defendants NILE, Napalm, World Entertainment and Eames had an agreement that Eames would perform as a member of NILE on its Underworld album and ensuing Underworld tours.

121.     On or about October 26, 2023, Defendant NILE announced its Underworld album and touring band line-up without Eames and proceeded to record and release Underworld and perform the album on tour without Eames.

122.     Defendant World Entertainment instructed NILE to breach the agreement with Eames and remove him from the band, Underworld album, and Underworld tours because of the obviously fake Posts which it knew or reasonably should have known were false.

123.     Defendant caused the agreement with Eames to be breached intentionally and without justification or excuse.

124.     In causing the breach of the agreement with Eames, Defendant used improper means, including misrepresentation of fact, to induce the breach of said contract.

125.     The acts and conduct of Defendant described herein caused damage to plaintiff as a result of the loss of the business opportunity described herein.

126.     As a result, Eames has suffered actual damages in the form of past and future lost tour compensation, past and future loss of revenue from the album release and album sales, past and future lost royalties on use and streaming of the album, past and future lost revenue from merchandise sales, consequential damages in the form of lost advertising and endorsement revenue, as well as other damages all to his harm.

127.     Defendant's conduct herein was willful, intentional and outrageous, in that

Defendant made false and misleading statements about Eames which evidence an evil motive or reckless indifference to the rights of others, warranting punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count XI of his Complaint, in an amount which is fair and reasonable in excess of $75,000.00, together with interest at the legal rate, including prejudgment interest, plus costs of suit, punitive damages, and for such other and further relief as the Court deems just and reasonable under the circumstances.

## COUNT XII- EAMES V. WORLD ENTERTAINMENT DEFAMATION PER SE

128.     Eames adopts and incorporates by reference paragraphs 1-52 above as though fully set forth herein.

129.     Defendant published and repeated false information about Eames that he was facing criminal charges related to sexual misconduct.

130.     Specifically, Defendant published and repeated false information that Eames had been criminally charged in Moberly, Randolph County. MO, and accused of multiple counts of battery and sexual assault, claiming authorities were notified of the crimes and that multiple women, including a minor, had reported years of domestic violence and abuse.

131.     A simple inquiry into the Posts easily reveals their falsity.

132.     Defendant's use and propagation of the false information contained in the Posts as the basis to cause the removal of Eames from NILE, its Underworld album, and its Underworld tour served to legitimize the obviously fake posts and false information, causing further damage and injury to Eames reputation.

133.     Each of the aforementioned statements about Eames are false and Defendant knew, or reasonably should have known, they were false when they were published.

134.     Each of the aforementioned statements imply sexual immorality and criminal conduct by Eames constituting defamation *per se.*

135.     Defendant negligently published this false information about Eames.

136.     Defendant knowingly published this false information in an effort to defame Eames reputation and harm his career in the music industry.

137.     Defendant's publication of this information identified Eames by his name.

138.     As a result of the publication of these false and defamatory statements, Eames has suffered and continues to suffer irreparable harm to his reputation.

139.     As a result of publication of these false and defamatory statements, Eames has lost and/or been rejected for opportunities within the music industry for which he is otherwise qualified causing him continuous and ongoing financial injury.

140.     Defendant's publication of this defamatory information was done recklessly to cause Eames to suffer reputational harm due to an evil motive and/or reckless indifference to the rights of Eames, warranting punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count XII of his Complaint, in an amount which is fair and reasonable in excess of $75,000.00, together with interest at the legal rate, including prejudgment interest, plus costs of suit, punitive damages, and for such other and further relief as the Court deems just and reasonable under the circumstances.

<u>**COUNT XIII- EAMES V. WORLD ENTERTAINMENT**</u>
<u>**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**</u>

141.     Eames adopts and incorporates by reference paragraphs 1-52 above as though fully set forth herein.

142.     Defendant owed Eames a duty of ordinary care.

143.     Defendant's reliance upon, and use and propagation of, the false online statements against Eames contained in the obviously fake Posts regarding non-existent criminal charges to cause Eames to be removed from NILE, NILE's Underworld album, and NILE's Underworld tours constitute a breach of that duty.

144.     Defendant knew, or reasonably should have known, that its conduct towards Eames and breaches of its duties to Eames involved an unreasonable risk of causing Eames emotional distress.

145.     Defendant's conduct and breach of its duties towards Eames were reasonably certain to cause emotional distress in an ordinary person.

146.     As a result of Defendant's conduct, acts, omissions, and/or breach of its duties, Eames has suffered and continues to suffer emotional distress, mental anguish, depression, and anxiety.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count XIII of his Complaint, in an amount which is fair and reasonable in excess of $75,000.00, together with interest at the legal rate, including prejudgment interest, plus costs of suit, and for such other and further relief as the Court deems just and reasonable under the circumstances.

### COUNT XIV- EAMES V. WORLD ENTERTAINMENT INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

147.     Eames adopts and incorporates by reference paragraphs 1-52, 141-146 above as though fully set forth herein.

148.     Defendant's conduct and breath of its duties to Eames were done intentionally and/or recklessly to knowingly cause Plaintiff to suffer emotional distress and mental anguish.

149.     Defendant's conduct and breach of its duties to Eames were due to an evil motive and/or reckless indifference to the rights of Eames.

150.     Defendant's conduct herein was willful, intentional and outrageous, in that Defendant made false and misleading statements about Eames which evidence an evil motive or reckless indifference to the rights of others, warranting punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count XIV of his

Complaint, in an amount which is fair and reasonable in excess of $75,000.00, together with interest at the legal rate, including prejudgment interest, plus costs of suit, punitive damages, and for such other and further relief as the Court deems just and reasonable under the circumstances.

<u>**COUNT XV- EAMES V. WORLD ENTERTAINMENT**</u>
<u>**CIVIL CONSPIRACY**</u>

151.    Eames adopts and incorporates by reference paragraphs 1-52 above as though fully set forth herein.

152.    This Defendant wrongfully agreed and conspired together with the other Defendants to defame Eames and prevent Eames from performing on Defendant NILE's Underworld album and promotional tours without justification or excuse.

153.    Defendants willfully and wantonly, with malice and knowing disregard for Eames' welfare worked together to prevent Eames from performing on Defendant NILE's Underworld album and promotional tours without justification or excuse.

154.    As a result, Eames has suffered actual damages in the form of past and future lost tour compensation, past and future loss of revenue from the album release and album sales, past and future lost royalties on use and streaming of the album, past and future lost revenue from merchandise sales, consequential damages in the form of lost advertising and endorsement revenue, as well as other damages all to his harm.

155.    Defendant's conduct herein was willful, intentional and outrageous, which evidences an evil motive or reckless indifference to the rights of others, warranting punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count XV of his Complaint, in an amount which is fair and reasonable in excess of $75,000.00, together with interest at the legal rate, including prejudgment interest, plus costs of suit, punitive damages, and for such other and further relief as the Court deems just and reasonable under the circumstances.

## COUNT XVI- EAMES V. CENTURY
## TORTIOUS INTERFERENCE

156.      Eames realleges and incorporates paragraphs 1-52 as if fully set forth herein.

157.      Defendants NILE, Napalm, World Entertainment, and Eames had an agreement that Eames would perform as a member of NILE on its Underworld album and ensuing Underworld tours.

158.      On or about October 26, 2023, Defendant NILE announced its Underworld album and touring band line-up without Eames and proceeded to record and release Underworld and perform the album on tours without Eames.

159.      Defendant, through its agent and/or employee Defendant Goldberg, intentionally and without justification or excuse caused the agreement with Eames to be breached by propagating the fake Posts and false information contained therein throughout the heavy metal industry, including upon information and belief to Goldberg's former employer Napalm, to prevent Eames from performing as a member of NILE.

160.      In causing the breach of the agreement with Eames, Defendant used improper means, including misrepresentation of facts regarding criminal charges against Eames, to induce the breach of said contract.

161.      The acts and conduct of Defendant described herein caused damage to plaintiff as a result of the loss of the business opportunity described herein.

162.      As a result, Eames has suffered actual damages in the form of past and future lost tour compensation, past and future loss of revenue from the album release and album sales, past and future lost royalties on use and streaming of the album, past and future lost revenue from merchandise sales, consequential damages in the form of lost advertising and endorsement revenue, as well as other damages all to his harm.

163.    Defendant's conduct herein was willful, intentional and outrageous, in that Defendant made false and misleading statements about Eames which evidence an evil motive or reckless indifference to the rights of others, warranting punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count XVI of his Complaint, in an amount which is fair and reasonable in excess of $75,000.00, together with interest at the legal rate, including prejudgment interest, plus costs of suit, punitive damages, and for such other and further relief as the Court deems just and reasonable under the circumstances.

## COUNT XVII- EAMES V. CENTURY
## DEFAMATION PER SE

164.    Eames adopts and incorporates by reference paragraphs 1-52 above as though fully set forth herein.

165.    Defendant, by and through its employee and/or agent Defendant Goldberg, published and repeated false information about Eames that he was facing criminal charges related to sexual misconduct.

166.    Specifically, Defendant published and repeated false information that Eames had been criminally charged in Moberly, Randolph County. MO, and accused of multiple counts of battery and sexual assault, claiming authorities were notified of the crimes and that multiple women, including a minor, had reported years of domestic violence and abuse.

167.    A simple inquiry into the Posts easily reveals their falsity.

168.    Each of the aforementioned statements about Eames are false and Defendant knew, or reasonably should have known, they were false when this Defendant published and/or repeated them.

169.    Each of the aforementioned statements imply sexual immorality and criminal conduct by Eames constituting defamation *per se*.

170.        Defendant negligently published this false information about Eames.

171.        Defendant knowingly published this false information in an effort to defame Eames reputation and harm his career in the music industry.

172.        Defendant's publication of this information identified Eames by his name and included Eames picture.

173.        As a result of the publication of these false and defamatory statements, Eames has suffered and continues to suffer irreparable harm to his reputation.

174.        As a result of publication of these false and defamatory statements, Eames has lost and/or been rejected for opportunities within the music industry for which he is otherwise qualified causing him continuous and ongoing financial injury.

175.        Defendant's publication of this defamatory information was done recklessly to cause Eames to suffer reputational harm due to an evil motive and/or reckless indifference to the rights of Eames, warranting punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count XVII of his Complaint, in an amount which is fair and reasonable in excess of $75,000.00, together with interest at the legal rate, including prejudgment interest, plus costs of suit, punitive damages, and for such other and further relief as the Court deems just and reasonable under the circumstances.

### COUNT XVIII- EAMES V. CENTURY
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

176.        Eames adopts and incorporates by reference paragraphs 1-52 above as though fully set forth herein.

177.        Defendant owed Eames a duty of ordinary care.

178.        Defendant acted through its agent and/or employee, Defendant Goldberg, to publish, disseminate, and utilize the false information contained in the obviously fake Posts to

cause Eames to be removed from NILE, its Underworld Album, and its tours.

179.     Defendant's reliance upon, and use and propagation of, the false online statements against Eames contained in the obviously fake Posts regarding non-existent criminal charges to cause Eames to be removed from NILE, its Underworld album, and its tours constitute a breach of its duty.

180.     Defendant knew, or reasonably should have known, that its conduct towards Eames and breaches of its duties to Eames involved an unreasonable risk of causing Eames emotional distress.

181.     Defendant's conduct and breach of its duties towards Eames were reasonably certain to cause emotional distress in an ordinary person.

182.     As a result of Defendant's conduct, acts, omissions, and/or breach of its duties, Eames has suffered and continues to suffer emotional distress, mental anguish, depression, and anxiety.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count XVIII of his Complaint, in an amount which is fair and reasonable in excess of $75,000.00, together with interest at the legal rate, including prejudgment interest, plus costs of suit, and for such other and further relief as the Court deems just and reasonable under the circumstances.

## COUNT XIX- EAMES V. CENTURY
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

183.     Eames adopts and incorporates by reference paragraphs 1-52, 176-182 above as though fully set forth herein.

184.     Defendant's conduct and breath of its duties to Eames were done intentionally and/or recklessly to knowingly cause Plaintiff to suffer emotional distress and mental anguish.

185.     Defendant's conduct and breach of its duties to Eames were due to an evil

motive and/or reckless indifference to the rights of Eames.

186.     Defendant's conduct herein was willful, intentional and outrageous, in that Defendant made false and misleading statements about Eames which evidence an evil motive or reckless indifference to the rights of others, warranting punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count XIX of his Complaint, in an amount which is fair and reasonable in excess of $75,000.00, together with interest at the legal rate, including prejudgment interest, plus costs of suit, punitive damages, and for such other and further relief as the Court deems just and reasonable under the circumstances.

## COUNT XX- EAMES V. CENTURY
## CIVIL CONSPIRACY

187.     Eames adopts and incorporates by reference paragraphs 1-52 above as though fully set forth herein.

188.     This Defendant, by and through its agent and/or employee Defendant Goldberg, wrongfully agreed and conspired together with other Defendants to defame Eames and prevent Eames from performing on Defendant NILE's Underworld album and promotional tours without justification or excuse.

189.     Defendants willfully and wantonly, with malice and knowing disregard for Eames' welfare worked together to prevent Eames from performing on Defendant NILE's Underworld album and promotional tours without justification or excuse.

190.     As a result, Eames has suffered actual damages in the form of past and future lost tour compensation, past and future loss of revenue from the album release and album sales, past and future lost royalties on use and streaming of the album, past and future lost revenue from merchandise sales, consequential damages in the form of lost advertising and endorsement revenue, as well as other damages all to his harm.

191.    Defendant's conduct herein was willful, intentional and outrageous, which evidences an evil motive or reckless indifference to the rights of others, warranting punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count XX of his Complaint, in an amount which is fair and reasonable in excess of $75,000.00, together with interest at the legal rate, including prejudgment interest, plus costs of suit, punitive damages, and for such other and further relief as the Court deems just and reasonable under the circumstances.

<u>**COUNT XXI- EAMES V. SONIA GOLDBERG**</u>
<u>**TORTIOUS INTERFERENCE**</u>

192.    Eames realleges and incorporates paragraphs 1-52 as if fully set forth herein.

193.    Defendants NILE, Napalm, World Entertainment and Eames had an agreement that Eames would perform as a member of NILE on its Underworld album and ensuing Underworld tours.

194.    On or about October 26, 2023, Defendant NILE announced its Underworld album and touring band line-up without Eames and proceeded to record and release Underworld and perform the album on tours without Eames.

195.    Defendant intentionally and without justification or excuse caused the agreement with Eames to be breached by propagating the fake Posts and false information contained therein throughout the heavy metal industry, including upon information and belief to her former employer Napalm, to prevent Eames from performing as a member of NILE.

196.    In causing the breach of the agreement with Eames, Defendant used improper means, including misrepresentation of fact, to induce the breach of said contract.

197.    The acts and conduct of Defendant described herein caused damage to Eames as a result of the loss of the business opportunity described herein.

198.     As a result, Eames has suffered actual damages in the form of past and future lost

tour compensation, past and future loss of revenue from the album release and album sales, past

and future lost royalties on use and streaming of the album, past and future lost revenue from

merchandise sales, consequential damages in the form of lost advertising and endorsement

revenue, as well as other damages all to his harm.

199.     Defendant's conduct herein was willful, intentional and outrageous, in that

Defendant made false and misleading statements about Eames which evidence an evil motive or

reckless indifference to the rights of others, warranting punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count XXI of his

Complaint, in an amount which is fair and reasonable in excess of $75,000.00, together with

interest at the legal rate, including prejudgment interest, plus costs of suit, punitive damages, and

for such other and further relief as the Court deems just and reasonable under the circumstances.

### COUNT XXII- EAMES V. SONIA GOLDBERG
### DEFAMATION PER SE

200.     Eames adopts and incorporates by reference paragraphs 1-52 above as though

fully set forth herein.

201.     Defendant published and repeated false information about Eames that he was

facing criminal charges related to sexual misconduct.

202.     Specifically, Defendant published false information that Eames had been

criminally charged in Moberly, Randolph County. MO, and accused of multiple counts of battery

and sexual assault, claiming authorities were notified of the crimes and that multiple women,

including a minor, had reported years of domestic violence and abuse.

203.     A simple inquiry into the Posts easily revealed their falsity.

204.     Each of the aforementioned statements about Eames are false and Defendant

knew, or reasonably should have known, they were false when they were published.

205.    Each of the aforementioned statements imply sexual immorality and criminal conduct by Eames constituting defamation *per se*.

206.    Defendant negligently published this false information about Eames.

207.    Defendant knowingly published this false information in an effort to defame Eames reputation and harm his career in the music industry.

208.    Defendant's publication of this information identified Eames by his name and included a photograph of Eames.

209.    As a result of the publication of these false and defamatory statements, Eames has suffered and continues to suffer irreparable harm to his reputation.

210.    As a result of publication of these false and defamatory statements, Eames has lost and/or been rejected for opportunities within the music industry for which he is otherwise qualified causing him continuous and ongoing financial injury.

211.    Defendant's publication of this defamatory information was done recklessly to cause Eames to suffer reputational harm due to an evil motive and/or reckless indifference to the rights of Eames, warranting punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count XXII of his Complaint, in an amount which is fair and reasonable in excess of $75,000.00, together with interest at the legal rate, including prejudgment interest, plus costs of suit, punitive damages, and for such other and further relief as the Court deems just and reasonable under the circumstances.

## COUNT XXIII- EAMES V. SONIA GOLDBERG
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

212.    Eames adopts and incorporates by reference paragraphs 1-52 above as though

fully set forth herein.

213.      Defendant owed Eames a duty of ordinary care.

214.      Defendant's reliance upon, and use and propagation of, the false online
statements about Eames contained in the obviously fake Posts regarding non-existent criminal
charges to cause Eames to be removed from NILE, its Underworld album, and its tours constitute
a breach of that duty.

215.      Defendant knew, or reasonably should have known, that her conduct towards
Eames and breaches of her duties to Eames involved an unreasonable risk of causing Eames
emotional distress.

216.      Defendant's conduct and breach of her duties towards Eames were reasonably
certain to cause emotional distress in an ordinary person.

217.      As a result of Defendant's conduct, acts, omissions, and/or breach of her duties,
Eames has suffered and continues to suffer emotional distress, mental anguish, depression, and
anxiety.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count XXIII of his
Complaint, in an amount which is fair and reasonable in excess of $75,000.00, together with
interest at the legal rate, including prejudgment interest, plus costs of suit, and for such other and
further relief as the Court deems just and reasonable under the circumstances.

**COUNT XXIV- EAMES V. SONIA GOLDBERG
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

218.      Eames adopts and incorporates by reference paragraphs 1-52, 212-217 above as
though fully set forth herein.

219.      Defendant's conduct and breath of her duties to Eames were done intentionally
and/or recklessly to knowingly cause Plaintiff to suffer emotional distress and mental anguish.

220.     Defendant's conduct and breach of her duties to Eames were due to an evil motive and/or reckless indifference to the rights of Eames.

221.     Defendant's conduct herein was willful, intentional and outrageous, in that Defendant made false and misleading statements about Eames which evidence an evil motive or reckless indifference to the rights of others, warranting punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count XXIV of his Complaint, in an amount which is fair and reasonable in excess of $75,000.00, together with interest at the legal rate, including prejudgment interest, plus costs of suit, punitive damages, and for such other and further relief as the Court deems just and reasonable under the circumstances.

## COUNT XXV- EAMES V. SONIA GOLDBERG
## CIVIL CONSPIRACY

222.     Eames adopts and incorporates by reference paragraphs 1-52 above as though fully set forth herein.

223.     This Defendant wrongfully agreed and conspired together with other Defendants to defame Eames and prevent Eames from performing on Defendant NILE's Underworld album and promotional tours without justification or excuse.

224.     Defendants willfully and wantonly, with malice and knowing disregard for Eames' Welfare worked together to prevent Eames from performing on Defendant NILE's Underworld album and promotional tours without justification or excuse.

225.     As a result, Eames has suffered actual damages in the form of past and future lost tour compensation, past and future loss of revenue from the album release and album sales, past and future lost royalties on use and streaming of the album, past and future lost revenue from merchandise sales, consequential damages in the form of lost advertising and endorsement revenue, as well as other damages all to his harm.

226.    Defendant's conduct herein was willful, intentional and outrageous, which evidences an evil motive or reckless indifference to the rights of others, warranting punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count XXV of his Complaint, in an amount which is fair and reasonable in excess of $75,000.00, together with interest at the legal rate, including prejudgment interest, plus costs of suit, punitive damages, and for such other and further relief as the Court deems just and reasonable under the circumstances.

Dated: _____January 22, 2025_____          Respectfully Submitted,

_____/s/ Patrick E. Poston_____

Patrick E. Poston, Bar # 69926MO
The Law Office of Patrick E. Poston, LLC
5661 Telegraph Road, Suite 8B
St. Louis, MO 63129
o-(314) 293-9958
c-(314) 943-7597
pposton@peplawoffice.com

*Attorney for Plaintiff Scott Eames*