UNITED STATE DISCTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

SCOTT EAMES,                                    )
                                                )
          Plaintiff,                            )          Cause No.: 2:25-cv-00013-HEA
v.                                              )
                                                )
NILE,                                           )
                                                )
                                                )
          Defendants.                           )

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO NILE'S MOTION TO DISMISS**

Scott Eames ("Eames" or "Plaintiff"), by and through undersigned counsel, states as follows for his response in opposition to Defendant NILE's Motion to Dismiss (hereafter "Defendant" or "NILE"):

**INTRODUCTION**

Defendant's motion asks the Court to dismiss a well-pleaded Second Amended Complaint ("SAC") that plausibly alleges a concrete agreement between Plaintiff and NILE, Plaintiff's full performance, Defendant's breach, and resulting damages. The SAC pleads specific facts regarding the formation and modification of the parties' agreement, the consideration exchanged, the services rendered by Plaintiff in Missouri and abroad for the "Underworld" album and tours, Defendant's failure to include Plaintiff in the announced album/tour lineup, and Defendant's failure to pay the bargained-for compensation. These allegations satisfy Rule 8 and the Rule 12(b)(6) standard. The motion's arguments—indefiniteness, at-will/absence of duration, statute of frauds, and a series of unjust-enrichment attacks—conflict with the SAC's detailed factual allegations and invite premature merits determinations. Taking the SAC's facts as true and drawing all reasonable inferences in Plaintiff's favor, the Court should deny the motion in its entirety.

1

**12(B)(6) STANDARD**

Federal Court's employ "Notice" pleading. FRCP 8(a)(2) provides to adequately state a claim for relief a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  A complaint need not have detailed factual allegations but requires more than a mere formulaic recitation of the elements of a cause of action. Bell Atlantic Corp. v. Twombly, 550 US 544, 555 (2007). To survive dismissal for failure to state a claim upon which relief can be granted, factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact. *Id*. When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, the issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support these claims. Scheuer v. Rhoes, 416 US 232, 236 (1974) (*overruled on other grounds*). Dismissal under FRCP 12(b)(6) is inappropriate unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Hafley v. Lohman, 90 F3d 264, 266 (8th Cir. 1996).

A complaint survives Rule 12(b)(6) where it alleges facts that state a claim "plausible on its face," permitting a reasonable inference of liability. The Court accepts well-pleaded facts as true, draws reasonable inferences for the non-movant, and does not credit bare legal conclusions. Defendant's own articulation of the standard acknowledges this; regardless Defendant proceeds to attack Plaintiff's SAC alleging omissions of very specific facts which, frankly, Plaintiff need not provide at this stage, does not have access to at this early pleading stage, and which will be borne out in discovery and determined by a finder of fact.

2

## I.        Count I Adequately Pleads Breach of Contract

Under Missouri law, the elements of a claim for breach of an oral contract are: (1) the existence of a valid and enforceable contract, (2) performance by the plaintiff, (3) breach of the contract by the defendant, and (4) resultant damages or injury to the plaintiff. Bertelsen v. Channel Bio, LLC, No. 4:16CV00330 AGF, 2016 WL 6962828, at *4 (E.D. Mo. Nov. 29, 2016); *citing* White v. Pruiett, 39 S.W.3d 857, 861–62 (Mo. Ct. App. 2001). "What is essential depends on the agreement and its context and also on the subsequent conduct of the parties, including the dispute which arises and the remedy sought." *Id*. In determining whether the terms of an agreement are too uncertain to create an enforceable contract, a court is guided by principles of law applied with 'common sense and in the light of experience.' Warren v. Tribune Broadcasting Company, LLC, 512 SW3d 860, 864 (Mo. Ct. App. 2017) (citation omitted). A contract "'should not be held as void for uncertainty if there is a possibility of giving meaning to the agreement.'" *Id*. at 864-65 (citation omitted). Plaintiff has adequately plead each of these elements and presents a viable claim for breach of contract on the face of his SAC. Defendant's motion asks the Court to go beyond the standards set forth in FRCP Rules 8 and 12 and impose a heightened pleading standard which would require specificity beyond Plaintiff's pleading burden. Defendant's motion must therefore be denied.

### A.        The SAC plausibly alleges formation, definite terms, Plaintiff's performance, Defendant's breach, and damages.

The SAC alleges that Plaintiff was a NILE member from mid-2021 to October 26, 2023; in November 2022 the parties mutually modified their agreement to make Plaintiff the frontman/main vocalist/guitarist for the Underworld album, to record during the ensuing year, and to announce the album release and tours in October 2023. (SAC at ¶ 10-12). It further alleges required duties, including performing and collaborating on Underworld and training a new bassist, and extensive performance: pre-production vocals; collaboration on lyrics, music, and songs; recording guitar

3

solo videos; travel to South Carolina to record vocals and guitar; and participation in business meetings with Napalm Records in Austria. (SAC at ¶ 13, 15, 16). In exchange, NILE agreed to pay tour compensation of $850/week for the Underworld tours, 1/3 of net revenue from the album release and sales, 1/3 of net royalties from album uses/streaming and merchandise sales, and 1/3 of net endorsement/advertising revenue. (SAC at ¶ 18). Plaintiff alleges full or substantial performance and NILE's breach when it announced the Underworld album and tour lineup, omitted Plaintiff from the album, and when it failed to pay the promised consideration. (SAC at ¶ 39-43).

Plaintiff pleads resulting damages with requisite specificity in the form of past and future lost tour compensation, past and future loss of revenue from the album release and album sales, past and future lost royalties on use and streaming of the album, past and future lost revenue from merchandise sales, as well as consequential damages in the form of lost advertising and endorsement revenue. (SAC at ¶ 43).

These factual allegations identify the parties, the agreement (including the November 2022 modification), the essential obligations on both sides, the consideration, time and place of performance, and the specific breach and damages—more than enough under Rule 8. These facts, if accepted as true, are sufficient to set forth a prima facie claim for breach of contract and sustain Plaintiff's burden at this initial stage. Schlictig v. Reichel, 770 SW2d 493, 494 (Mo Co. App. 1989) ("The essential elements of a contract are competent parties, proper subject matter, legal consideration, mutuality of agreement and mutuality of obligation.") (internal citation omitted). While a contract's essential terms must be sufficiently stated, the "details or particulars" of the contract need not be for the contract to be enforceable. Olsen v. Curators of Univ. of Mo., 381 SW3d 406, 412 (Mo. App. 2012). Plaintiff has adequately plead facts to give

4

Defendant notice of his claim and set forth a plausible claim for breach of contract in compliance with federal pleadings standards and sufficient to defeat Defendant's motion to dismiss.

### B.     Defendant's "indefiniteness" argument fails at the pleading stage.

Defendant claims essential terms are missing. The SAC alleges Plaintiff's specific obligations (frontman/main vocalist/guitarist on Underworld; training bassist; identified recording and collaboration tasks; travel for recording) and NILE's specific payment obligations including stated weekly pay and defined 1/3 shares of enumerated net revenue streams. (SAC at ¶ 12, 13, 14, 18). It also alleges where and when the agreement was formed and performed. (SAC at ¶ 15). These pleaded terms are "capable of certain interpretation," and disputes about exact calculation of "net" revenues due to Plaintiff and performance satisfaction are merits issues unsuitable for Rule 12 disposition where the complaint plausibly pleads mutual assent and performance. (SAC at ¶ 12-14, 18). Olsen, 381 SW3d at 412 (Mo. App. 2012) (A contract's essential terms must be sufficiently definite, the "details or particulars" of the contract need not be).

Defendant's reliance on prior pleadings to inject ambiguity invites an improper fact dispute and ignores the SAC's current, detailed allegations of agreed consideration, scope, and performance. The SAC itself sets forth the essential terms of the agreement between NILE and Eames, rendering Defendant's indefiniteness argument inapposite at this stage.

Defendant cites to two Missouri cases in its brief in favor of dismissal on indefiniteness grounds, Schlictig v. Reichel, 770 SW2d 493 (Mo Ct. App. 1989) and Around the World Importing, Inc. v. Mercantile Tr. Co., 795 SW2d 85, 90 (Mo. Ct. App. 1990). Each of these Missouri state court cases are inapposite here, as Missouri invokes a fact-pleading standard and a Missouri state Court's inquiry as to the sufficiency of facts pled does not inform this Court's

decision. *See, e.g.,* <u>RMA v. Blue Springs R-IV School District</u>, 717 SW3d 187, 192 (Mo en banc. 2025) (Missouri is a fact-pleading state).

The EDMO case cited by Defendant, <u>Reitz</u>, considered whether a Trial Plan Period Agreement ("TTP Agreement"), which explicitly stated on its face was "not a modification" of the existing loan agreement between the parties, was a binding loan modification. <u>Reitz v. Nationstar Mortg., LLC</u>, 954 F.Supp.870, 885). In reaching this determination, the EDMO reasoned the TTP Agreement "establishes the rights and obligations of the parties to the agreement during a trial period after which the defendant may extend a permanent loan modification to the plaintiff, if she qualified." *Id*. at 888. None of those facts are present in this case and <u>Reitz</u> does nothing to compel dismissal. Plaintiff's SAC alleges Plaintiff's specific obligations and performance as to the Underworld album and NILE's specific payment obligations including stated weekly pay and defined 1/3 shares of enumerated net revenue streams. (SAC at ¶ 12, 13, 14, 18). <u>Crabb v. Mid-American Dairymen, Inc.</u>, 735 SW2d 714, 715 (Mo En Banc. 1987) (Rejecting argument that alleged oral contract calling for payment to Plaintiff "if Plaintiff brough Shakey's and Defendant together" was too "vague, indefinite and uncertain" and finding phrase "brought together" was sufficient to find an enforceable oral contract.).

### C. The agreement is not terminable at will; the SAC alleges a definite term tied to the Underworld tours through October 11, 2025.

Defendant argues the agreement is at-will and for an indefinite term. The SAC alleges that, as part of the November 2022 modification, Plaintiff would perform on the Underworld album and "was to perform on NILE's Underworld tours as a member of NILE following the album's release until October 11, 2025 (the last scheduled tour date). That is a definite term. The alleged breach likewise is tethered to the Underworld cycle: NILE omitted Plaintiff when it announced the album/tour

6

lineup. (SAC at ¶ 32, 41). Because Plaintiff alleges a defined end date for the commitment (the final tour date), the at-will rule for indefinite arrangements does not apply. (SAC at ¶ 17, 32, 41).

### D. The statute of frauds does not warrant dismissal on the pleadings.

Defendant argues any term exceeding one year must be in writing. The SAC alleges an agreement formed in November 2022 for services on an album recorded during the ensuing year, with the announcement in October 2023 and tours through October 11, 2025. (SAC at ¶ 11, 12, 17). On a motion to dismiss, Plaintiff need not attach writings; rather, the question is whether the complaint plausibly alleges a contract. The SAC pleads detailed terms and full or substantial performance by Plaintiff, including specific recording sessions and business meetings undertaken in reliance on the agreement. (SAC at ¶ 14, 16, 39, 40). Whether a writing exists or an exception applies (including full or partial performance) is not a basis for dismissal at this stage given the factual allegations of performance. The SAC's specificity in time, place, duties, and consideration more than plausibly states a contract claim. (SAC at ¶ 11-12, 14- 16, 18, 39, 40).

Missouri recognizes several exceptions to the statute of frauds for oral contracts. Missouri courts apply a "possibility test" that makes oral contracts enforceable if they could theoretically be performed within one year, regardless of the parties' actual expectations about duration. Crabb v. Mid-American Dairymen, Inc., 735 S.W.2d 714, 716 (Mo. En Banc) ("Our cases hold, consistently, that a contract is not unenforceable under the statute of frauds if it could possibly be performed in compliance with its terms in one year, even though the actual performance is expected to continue over a much longer period. Thus an oral contract to work for a person for two years would violate the statute, but a parol undertaking to hire a man 30 years old for the rest of his life would not." (internal citations omitted)). Accordingly, Missouri law focuses on theoretical possibility rather than expected duration or practical likelihood of completion within one year-

7

which is a necessarily factual inquiry to be borne out in discovery and determined by the trier of fact. Defendant's statute of frauds argument is premature on a Rule 12 motion.

Missouri also recognizes exceptions to the statute of frauds for partial performance in equity cases. <u>Warren v. Tribune Broadcasting Company, LLC</u>, 512 SW3d 860, 866-67 (Mo. Ct. App. 2017) (Holding oral agreement for indefinite annual revenue-based bonus was enforceable where it could theoretically be performed in one-year); <u>Bailey v. Hawthorne Bank</u>, 382 SW3d 84 (Mo. Ct. App. 2012) (Holding statute of frauds did not bar Bailey's breach of contract claim because a five-year loan agreement was capable of being performed in one year despite the enumerated five-year term). At present, the SAC alleges an Agreement formed in November 2022 for services in furtherance of NILE's Underworld album, Plaintiff's performance under the Agreement of pre-production obligations, NILE's breach when it announced the Underworld album and tour in October 2023 omitting Eames, and damages via NILE's failure to compensate Eames under the Agreement. This nexus of alleged facts falls squarely into the "possibility test" and partial performance exceptions widely recognized in Missouri, Defendant's statute of frauds argument is premature and therefore must be denied.

**E. The SAC's damages allegations are adequately pleaded.**

Plaintiff pleads loss of weekly tour compensation, shares of net album revenues, royalties, merchandise revenues, and consequential losses in endorsements/advertising tied to his Underworld performance—each arising from NILE's omission of Plaintiff from the announced lineup and nonpayment under the Agreement. (SAC at ¶ 18, 32, 34, 35, 43). This suffices to plead damages.

**II.    In the alternative, the SAC states a claim for unjust enrichment.**

To plead unjust enrichment, Plaintiff must set forth that 1) the Defendant was enriched by the receipt of a benefit; 2) the enrichment was at the expense of the Plaintiff; and 3) it would be unjust to allow the defendant to retain the benefit. Gerke v. City of Kansas City, 493 SW3d 433 (Mo. Ct. App. 2016). Missouri expressly recognizes the ability of Plaintiff to plead unjust enrichment in the alternative to a breach of contract claim. Murry-Kaplan v. NEC Insurance, Inc., 617 S.W.3d 485 (Mo Ct. App. 2021). Missouri recognizes this right even where the breach of contract claims and unjust enrichment claims are inconsistent. *Id*. Pleading unjust enrichment in the alternative to breach of contract is especially appropriate where, as Defendant does here, the existence of the contract is disputed.

**A. Plaintiff pleads conferral of benefit, appreciation, and retention under unjust circumstances.**

The SAC alleges Plaintiff conferred benefits by performing pre-production vocals, creating, and collaborating on lyrics/music/songs, recording guitar solo videos, training the new bassist, and traveling to South Carolina to record for Underworld, all in furtherance of NILE's Underworld album and tours. (SAC at ¶ 14, 15, 45). It alleges NILE obtained the benefit of Plaintiff's contributions to the Underworld album/tour, to Plaintiff's detriment because NILE omitted him from the Underworld album and tour, and NILE has not compensated him for the value of Plaintiff's conferred contributions to Underworld. (SAC at ¶ 46, 47). These allegations satisfy the elements of unjust enrichment at the pleading stage. The exact extent to which Defendant NILE benefitted from Eames contributions or the value of his contributions need not be decided at the initial pleading stage.

**B. Pleading unjust enrichment is permissible in the alternative.**

Count II expressly incorporates the factual allegations and pleads unjust enrichment based on the same operative nucleus, in the alternative to Count I. (SAC at ¶ 44 -47). Defendant argues, incorrectly, that Plaintiff cannot persist in an unjust enrichment claim because it is "tethered" to the breach of contract claim. At this stage, Plaintiff may plead in the alternative given Defendant's challenge to contract formation and enforceability. The SAC ties the benefit to concrete services for the Underworld album, to NILE's benefit, and alleges nonpayment for the services provided to Eames detriment. (SAC at ¶ 14, 45-46). Missouri expressly permits alternative pleading of unjust enrichment claims alongside contract claims. Murray-Kaplan v. NEC Insurance, 617 SW3d 485, 497 (Mo. Ct. App. 2021) (Holding a petition may plead a claim for unjust enrichment as an alternative to breach of contract even if the claims are inconsistent). Pleading in the alternative may affect ultimate recovery; it does not prevent alternative pleading at the outset of litigation. Charter Communications Operating, LLC v. SATMAP Inc., 569 SW3d 493 (Mo Ct. App. 2018).

**C. Defendant's objections to "appreciation" and "unjustness" raise factual disputes.**

The degree to which NILE used, monetized, or otherwise appreciated Plaintiff's recorded and collaborative contributions to the Underworld album, and whether retention of the benefit of this collaboration by Plaintiff without payment is unjust, are fact questions. The SAC alleges those contributions were made for the album by Plaintiff, that NILE proceeded with the album/tours, that it omitted Eames from the album, and that it failed to pay Plaintiff for his contribution to the Underworld album/tours. (SAC at ¶ 12, 14, 32, 34, 46, 47). This plausibly pleads unjust retention. The degree to which NILE utilized Eame's contributions is a deeply factual question to be borne out via discovery and determined by the finder of fact; it is not a basis for dismissal of the SAC under FRCP 12(b)(6).

10

**D. The SAC sufficiently pleads unjust enrichment damages.**

The SAC alleges that, because of unjust enrichment, Plaintiff suffered damages including weekly tour compensation and shares of revenues tied to Underworld streams/uses/merchandise, as well as endorsement/advertising losses. (SAC at ¶ 48). These damages are directly correlated to the benefit conferred by Eames and unjustly retained by NILE. The precise measure and amount of damages are merits issues; at pleading, alleging the benefit conferred and its value suffices. (SAC at ¶ 45, 46, 48).

### III. <u>Defendant's reliance on prior pleadings cannot defeat the well-pleaded SAC.</u>

Defendant's motion leans on allegations from prior iterations of Plaintiff's complaint, which included claims against voluntarily dismissed Defendant parties, to invite adverse inferences into the Court's ruling on Plaintiff's SAC. The operative SAC controls and alleges, with specificity, the agreement's modified terms, duties, consideration, performance, breach, and damages. (SAC at ¶ 10-18, 32, 34, 39, 41-43). Alternatively, it alleges a benefit was conferred upon Defendant via Eames contributions to the Underworld album, Plaintiff was not compensated for the benefit conferred, and Defendant's retention of that benefit via revenues generated on the Underworld album and tours without just compensation to Plaintiff. (SAC at ¶ 14, 15, 45, 46, 47). On a Rule 12 motion, the Court must accept the SAC's factual allegations as true and draw reasonable inferences in Plaintiff's favor; not look to prior iterations of the Complaint

### IV. <u>Alternatively, any dismissal of Plaintiff's Claims should be without prejudice with the opportunity to Amend</u>

FRCP 15 is liberally construed to permit parties to amend pleadings when justice so requires and leave should only be denied for good reason- undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice, or futility of amendment. <u>Thompson-El v. Jones</u>, 876 F.2d 66, 67 (8th Cir. 1989). There has been

11

no discovery conference or scheduling order entered in this case, no discovery has occurred, there is no trial date, NILE first responded to Plaintiff's lawsuit on July 16, 2025, and the SAC is Plaintiff's initial response to a motion to dismiss filed by NILE. To the extent the Court considers Defendant's motion to have merit and/or there are technical pleading deficiencies such as to warrant dismissal, Plaintiff respectfully requests the Court permit him leave to amend to cure any such deficiencies and/or address any issues.

## CONCLUSION

For the reasons set forth herein, Plaintiff respectfully requests the Court enter an Order DENYING Defendant's Motion to Dismiss or, alternatively, grant Plaintiff leave to amend his Complaint to cure any deficiencies.

Dated:        November 14, 2025                Respectfully Submitted,

/s/ Patrick E. Poston

Patrick E. Poston, Bar # 69926MO
The Law Office of Patrick E. Poston, LLC
5661 Telegraph Road, Suite 8B
St. Louis, MO 63129
o-(314) 293-9958
c-(314) 943-7597
pposton@peplawoffice.com

*Attorney for Plaintiff Scott Eames*

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 14th day of November 2025, the foregoing document was filed electronically by operation of the Court's electronic filing system and served on all counsel of record.

*/s/ Patrick E. Poston*