IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MISSOURI

SCOTT EAMES,

        Plaintiff,

    v.

NILE,

        Defendant.

CASE NO. 2:25-cv-00013-HEA

**REPLY IN SUPPORT OF DEFENDANT NILE'S MOTION**

**TO DISMISS SECOND AMENDED COMPLAINT**

21204923.2

**TABLE OF CONTENTS**

**Page**

Introduction........................................................................................................................ 1

I.      Eames Cannot Assert A Claim For Breach Of Contract........................................ 2

        A.      Eames Cannot Escape The Statute Of Frauds............................................ 2

        B.      The Alleged Agreement Is Impermissibly Indefinite ............................... 5

II.     Eames' Unjust Enrichment Claim Fails.................................................................. 6

III.    Eames Should Be Denied Leave To Amend............................................................ 8

CONCLUSION.................................................................................................................. 9

i

21204923.2

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Anselmo v. Manufacturers Life Ins. Co.*,
595 F. Supp. 541 (W.D. Mo. 1984), *aff'd,* 771 F.2d 417 (8th Cir. 1985)..................................3

*Beasley Ins. Co., Inc v. Brown & James, P.C.*,
2019 WL 3766632 (E.D. Mo. Aug. 9, 2019)................................................................8

*Casazza v. Kiser*,
313 F.3d 414 (8th Cir. 2002) ......................................................................................3

*Coleman Consulting, LLC v. Domtar Corp.*,
115 F.4th 880 (8th Cir. 2024) ....................................................................................7

*Doe v. St. Louis Univ. Sch. of Med.*,
2013 WL 1305825 (E.D. Mo. Mar. 28, 2013) ............................................................5

*ecoNugenics, Inc. v. Bioenergy Life Sci., Inc.*,
355 F. Supp. 3d 785 (D. Minn. 2019)........................................................................8

*Flowshare, LLC v. TNS, US, LLC*,
2017 WL 3174321 (E.D. Mo. July 26, 2017) ............................................................4

*Franklin v. Pinnacle Ent., Inc.*,
2012 WL 6870447 (E.D. Mo. Aug. 9, 2012)..............................................................5

*Harris Corp. v. Giesting & Assocs., Inc.*,
297 F.3d 1270 (11th Cir. 2002) .................................................................................8

*Muller v. Blue Diamond Growers*,
683 F. Supp. 3d 933 (E.D. Mo. 2023).......................................................................6

*Patrick V. Koepke Const., Inc. v. Woodsage Const. Co.*,
844 S.W.2d 508 (Mo. Ct. App. 1992)........................................................................8

*Peirce v. Aswegan*,
2023 WL 2898595 (D. Minn. Apr. 11, 2023).............................................................9

*Satterfield v. Missouri Dental Ass'n*,
642 S.W.2d 110 (Mo. Ct. App. 1982)........................................................................4

*Soueidan v. St. Louis Univ.*,
926 F.3d 1029 (8th Cir. 2019) ...................................................................................8

ii

21204923.2

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

*Taxi Connection v. Dakota, Minnesota & E. R.R. Corp.*,
  513 F.3d 823 (8th Cir. 2008) ............................................................................6

*Urologic Surgeons, Inc. v. Bullock*,
  117 S.W.3d 722 (Mo. Ct. App. 2003) ..............................................................4

*Vess Beverages, Inc. v. Paddington Corp.*,
  886 F.2d 208 (8th Cir. 1989) ............................................................................3

*Weisman v. Barnes Jewish Hosp.*,
  139 F.4th 945 (8th Cir. 2025) .......................................................................4, 5

**STATUTES**

Mo. Ann. Stat. § 432.010 ...................................................................................2

**OTHER AUTHORITIES**

Rule 12(b)(6) .....................................................................................................5, 6

iii

21204923.2

**Introduction**

Eames' Opposition does not provide any basis to deny Nile's motion to dismiss. Ultimately, Eames' claims boil down to this: someone – not Nile – accused Eames of having been criminally charged with sexual abuse and domestic violence[1], and Nile later stopped working with him. But despite the absence of any written contract, and despite not having performed on Nile's Underworld tour or album, Eames seems to think he is entitled to a third of Nile's revenue, apparently forever. The law, however, does not permit a plaintiff to file a Federal lawsuit based on wishful thinking. Rather, Eames must allege facts that plausibly state a claim for relief. Despite three attempts, Eames has not done so. His SAC should be dismissed, and this time with prejudice.

As to Eames' breach of contract claim, Eames' Opposition actually confirms why that claim must be dismissed. Eames – contrary to his prior pleadings – now expressly claims that the alleged Agreement between him and Nile had a definite duration, from November 2022 through October 2025, or nearly three years. That alleged Agreement is unquestionably subject to the statute of frauds and could only be enforceable if it were in writing or subject to an exception. Eames does not allege the Agreement was in writing (and previously conceded it was oral), and none of the exceptions he purports to rely on are at all applicable. Eames' breach of contract claim cannot stand.

Eames' unjust enrichment claim fares no better. Unjust enrichment requires that Eames have conferred a benefit on Nile, which benefit Nile retained in unjust circumstances. The SAC, however, does not allege any of these requirements. Rather, all Eames is able to allege are some

---

[1] Interestingly, Eames has not sued the individual or individuals that made these accusations, and only seems seriously to dispute that he was criminally charged. *See* SAC ¶ 22. Eames is clearly more interested in getting an unearned payday than clearing his name.

1

vague actions he purportedly undertook pursuant to the (unenforceable and non-existent) Agreement. He can point to no factual allegations establishing that Nile benefited from those actions in any way, nor that they retained any such benefits unjustly. What Eames is actually trying to do is obtain expectation damages from a contract that does not exist. That is not permissible under a theory of unjust enrichment.

For these reasons, and as more fully set forth in Nile's moving papers and below, Eames' SAC should be dismissed. That dismissal also should be with prejudice. Eames has already amended twice and has not attempted to explain how he would be able to amend further. Moreover, Eames has already demonstrated bad faith in the amendment process, having tried – without explanation –completely to change allegations between his FAC and SAC, all in an effort to overcome a motion to dismiss. He should not be permitted to change his story once more.

## I.      Eames Cannot Assert A Claim For Breach Of Contract

### A.      Eames Cannot Escape The Statute Of Frauds

Eames does not dispute that, to the extent the Agreement had no definite duration, it was terminable at will and thus cannot support a claim for breach of contract. *See* ECF 8-10. Instead, Eames claims the Agreement did have a definite term after all, from November 2022 through October 11, 2025. ECF 84 at 6-7. Given that nearly three-year duration, the statute of frauds bars Eames' contract claim, unless he can point to a written agreement or some other exception. He cannot do so.

Eames – without legal authority – initially argues that "Plaintiff need not attach writings; rather, the question is whether the complaint plausibly alleges a contract." ECF 84 at 7. That is wrong. It is black letter law that the statute of frauds requires a ***written*** contract, not just any contract. *See* Mo. Ann. Stat. § 432.010 (West) (contract "for a longer time than one year … shall

2

21204923.2

be in writing and signed by the party to be charged therewith … .”). Eames also does not dispute that in the Eighth Circuit, where, as here, a defendant “raise[s] the statute of frauds defense in his motion to dismiss, [a plaintiff is] required to affirmatively show the existence of an appropriate writing or an exception to this defense in order to avoid dismissal by the District Court.” *Casazza v. Kiser*, 313 F.3d 414, 418 (8th Cir. 2002). Eames does not claim there was any written contract; to the contrary, he previously admitted any agreement was oral (an admission he should not be permitted to evade in bad faith now). *See* ECF 83 at 10 & n.4.

Nor is Eames able to establish any exception to the statute of frauds. Eames attempts to raise three such exceptions:  (i) oral contracts that, theoretically, could be performed within one year, (ii) partial performance, and (iii) full performance. ECF 84 at 7-8. None is applicable.

As to the first, even Eames’ cited authority recognizes that a contract for a definite period of time longer than one year is unenforceable – “[a]n oral contract to work for a person for two years would violate the statute, but a parol undertaking to hire a man 30 years old for the rest of his life would not.” ECF No. 84 at 7 (quoting *Crabb v. Mid-American Dairymen, Inc.*, 735 S.W.2d 714, 716 (Mo. 1987)). The alleged Agreement here falls in the first category – an oral contract to work for a specific period lasting approximately three years. In other words, Eames’ allegations establish that the purported Agreement (to the extent it existed at all) could ***not*** be performed in one year, because it specifically was to last through October 11, 2025. The statute of frauds bars the enforcement of that contract. *See Vess Beverages, Inc. v. Paddington Corp.*, 886 F.2d 208, 212 (8th Cir. 1989) (“Where the agreement is definitive as to the obligation and the length of time the obligation is to run, we will not ignore the agreement’s clear violation of the statute of frauds.”); *Anselmo v. Manufacturers Life Ins. Co.*, 595 F. Supp. 541, 548 (W.D. Mo. 1984) (“The alleged oral agreement to hire plaintiff for three years could not be performed

3

21204923.2

within one year. Therefore, unless the statute of frauds is complied with, plaintiff cannot sue on the alleged oral agreement."), *aff'd,* 771 F.2d 417 (8th Cir. 1985).

Partial performance also does not help Eames. As Eames acknowledges, "Missouri also recognizes exceptions to the statute of frauds for partial performance ***in equity cases.***" ECF 84 at 8 (emphasis added). But this is not an equity case; Eames is suing for contract damages. *See* ECF 77 at 6-7. "'[T]he doctrine of part performance, interposed to avoid the defense of the statute of frauds, is a creature of equity and has no application to an action at law for breach of contract.'" *Urologic Surgeons, Inc. v. Bullock*, 117 S.W.3d 722, 728 (Mo. Ct. App. 2003) (citation omitted); *see also Satterfield v. Missouri Dental Ass'n*, 642 S.W.2d 110, 113 (Mo. Ct. App. 1982) ("the law is generally settled that partial performance will not remove a contract not to be performed within one year from the operation of the statute of frauds where the action is one for breach of the entire contract").

Eames' allegations also defeat any contention of full performance. Eames expressly alleges he was terminated on or about October 26, 2023, before the Underworld tour had even begun. SAC ¶ 41. Given that allegation, Eames certainly could not have fully performed through the tour's alleged October 11, 2025 end date. *See* ECF 84 at 6 ("The SAC alleges that, as part of the November 2022 modification, Plaintiff would perform on the Underworld album and 'was to perform on NILE's Underworld tours as a member of NILE following the album's release until October 11, 2025 (the last scheduled tour date).'"). "Future performance obligations necessarily imply that [Eames] has not fully performed under the contract." *See Flowshare, LLC v. TNS, US, LLC*, 2017 WL 3174321, at *4 (E.D. Mo. July 26, 2017). And the allegation that Eames was "terminated, with or without cause, does not convert partial performance into full performance such as will remove the case from the requirements of the statute of frauds." *Satterfield v.*

4

*Missouri Dental Ass'n*, 642 S.W.2d 110, 112 (Mo. Ct. App. 1982), *accord Weisman v. Barnes Jewish Hosp.*, 139 F.4th 945, 954 (8th Cir. 2025).

For these reasons, the Court can, and should, dismiss Eames' breach of contract claim on the basis of the statute of frauds. *See Weisman*, 139 F.4th at 954 (affirming grant of motion to dismiss where agreement "was unenforceable under the statute of frauds.").

### B.     The Alleged Agreement Is Impermissibly Indefinite

Eames cannot seriously dispute that the purported agreement referenced in the SAC is devoid of material terms. For example, he does not deny that, under the Agreement as pled, there would be no way to gauge whether Eames had properly fulfilled his obligations. Eames refers only to some conclusory and repetitive allegations about what Eames supposedly ***did***; but there are no factual allegations indicating what the purported agreement actually ***required*** (and certainly not that the parties actually discussed or mutually agreed to such requirements). Simply repeating terms like "full or substantial performance" (ECF 84 at 4) does not satisfy Federal pleading standards. *See Doe v. St. Louis Univ. Sch. of Med.*, 2013 WL 1305825, at *13 (E.D. Mo. Mar. 28, 2013) ("pleadings which contain nothing more than conclusions are not entitled to the assumption of truth; and all legal conclusion[s] must the supported by factual allegations to survive a motion to dismiss."). As it stands, there is no way to determine whether Eames complied with any contractual obligations, given Eames' failure to articulate what performance was actually required under the purported Agreement.

Eames also falsely states that only one decision from this District supports Nile's indefiniteness argument, in an apparent attempt to avoid the applicable pleading standards. But Eames fully ignores two of the authorities cited in Nile's moving papers – *Franklin v. Pinnacle Ent., Inc.*, 2012 WL 6870447, at *9 (E.D. Mo. Aug. 9, 2012), or *Doe*, 2013 WL 1305825, at *13.

5

ECF 83 at 6-7. In both, the Court dismissed a breach of contract claim on a Rule 12(b)(6) motion due to a failure to adequately an agreement's terms. *Id.* The same result is warranted here.

 **II. Eames' Unjust Enrichment Claim Fails**

Eames also is unable to support his claim for unjust enrichment. As set forth in Nile's motion to dismiss, that claim fails for multiple reasons, including because Eames fails to allege plausible facts establishing that Nile appreciated any benefit from Eames, much less that Nile retained any such benefit from Eames. Eames' primary retort is that these issues are "factual disputes," not a basis for dismissal. ECF 84 at 10. Not so. To overcome a Rule 12(b)(6) motion, "'the complaint must contain sufficient facts, as opposed to mere conclusions, to satisfy the legal requirements of the claim to avoid dismissal.'" *Taxi Connection v. Dakota, Minnesota & E. R.R. Corp.*, 513 F.3d 823, 826 (8th Cir. 2008).

Contrary to Eames' arguments otherwise, this is not simply an issue of "[t]he degree to while NILE utilized Eames' contributions … ." ECF 84 at 10. The actual issue is that Eames does not (and cannot) allege that any of his purported contributions were utilized by Nile ***at all***. Nor does Eames dispute that everything he allegedly did was just what would have been expected while he was performing as a member of the band, meaning there would be nothing unjust about Nile retaining the benefit derived from that work (if any). It is not enough for Eames conclusorily to claim that some vague benefits were retained unjustly, and that is all that Eames is able to do in his SAC. *See Muller v. Blue Diamond Growers*, 683 F. Supp. 3d 933, 940 (E.D. Mo. 2023) (granting motion to dismiss where the plaintiffs "have not plausibly alleged that it would be unjust to allow [Defendant] to retain the benefits … .").

Further, Eames does not dispute that he previously – and expressly – alleged that he was ***paid*** for his services prior to his departure from the band, and that this allegation of payment undermines his unjust enrichment claim entirely. *See* ECF 83 at 12-13. Instead, without citing a

6

21204923.2

single legal authority, Eames claims that the Court should completely disregard the multiple admissions in his prior pleadings that doom his claims. Eames, however, does not even attempt to distinguish or challenge any of the multiple authorities cited in Nile's moving brief, all of which recognize that the Court *can* properly consider prior pleadings, where, as here, a plaintiff attempts to allege contradictory facts in an amended pleading in order to survive a motion to dismiss. *See* ECF 83 at 9-10. Nor does Eames dispute that the allegations in his SAC regarding purported lack of compensation are completely contradictory to his prior allegations. Ultimately, Eames' claims fail even if the Court were to ignore his prior pleadings, but those prior pleadings certainly provide an additional basis for dismissal.

Finally, Eames hardly addresses Nile's argument that the relief sought by Eames is unavailable under a theory of unjust enrichment, and that dismissal is appropriate on that basis alone. *See* ECF 13-14. Instead, Eames flatly contends, without explanation, that his alleged damages "are directly correlated to the benefit conferred by Eames and unjustly retained by NILE." ECF 84 at 11. But left unanswered is the question of *how* Eames' alleged (minimal) contributions had value at all, much less anything to do with Nile's income from a tour that Eames admittedly did not participate in, or from an album that Eames does not allege actually contained even a single contribution from Eames. What is clear, however, is that Eames' unjust enrichment claim does not seek the value of any benefit unjustly retained. Rather, it seeks the same relief he supposedly expected he would have received if he had performed the entirety of the unenforceable Agreement (which he undeniably did not). Compare SAC ¶¶ 33 & 43 *with id.*, ¶ 48; *cf. Coleman Consulting, LLC v. Domtar Corp.*, 115 F.4th 880, 888 (8th Cir. 2024) (a plaintiff "cannot use an unjust enrichment claim to enforce an unenforceable oral contract obligation").

7

Simply put, the issue with Eames' unjust enrichment claim is not whether it theoretically could be pled in the alternative. Instead, Eames' unjust enrichment claim fails because he is improperly trying to circumvent the statute of frauds by seeking contract-based damages where no enforceable contract exists. That is not a proper basis for an unjust enrichment claim, and Eames' claim should be dismissed. *See Patrick V. Koepke Const., Inc. v. Woodsage Const. Co.*, 844 S.W.2d 508, 516 (Mo. Ct. App. 1992) ("Under the principle that one who is unjustly enriched at the expense of another is required to make restitution, the intentions of the parties have little or no influence on the proper measure of damages."); *see also Harris Corp. v. Giesting & Assocs., Inc.*, 297 F.3d 1270, 1276 (11th Cir. 2002) (rejecting unjust enrichment claim, as plaintiffs could not "recover benefit of the bargain damages in the exact amount that it would have had the contract been enforced").

### III.    Eames Should Be Denied Leave To Amend

Eames has already amended his complaint twice, and each time he has been unable to properly state a claim for relief. Nevertheless, Eames asks the Court to give him yet another chance to concoct an actionable legal theory. That request should be denied.

First, Eames does not even attempt to explain how he could amend his complaint to salvage either of his claims against Nile. Where a plaintiff fails to explain the basis of a proposed amendment, as Eames fails to do here, courts routinely deny leave to amend. *See Soueidan v. St. Louis Univ.*, 926 F.3d 1029, 1037 (8th Cir. 2019) (no abuse of discretion to deny leave to amend where plaintiff "'did not submit a proposed amendment to the trial court, nor [include] anything in [his] brief to indicate what an amended complaint would have contained.'"); *Beasley Ins. Co., Inc v. Brown & James, P.C.*, 2019 WL 3766632, at *1 (E.D. Mo. Aug. 9, 2019) (similar).

Second, Eames concedes that one "good reason" to deny leave to amend is bad faith. ECF 84 at 11. Eames, however, has already demonstrated that bad faith, by purposefully

8

21204923.2

attempting to amend his complaint to omit or contradict allegations that defeat his claim. That blatant bad faith – which Eames does not even deny – is itself a reason to deny further leave to amend. *See ecoNugenics, Inc. v. Bioenergy Life Sci., Inc.*, 355 F. Supp. 3d 785, 794 (D. Minn. 2019) ("ecoNugenics cannot simply delete damaging admissions from its complaint to render its claims plausible. The Court finds this proposed amendment futile and in bad faith."), *accord Peirce v. Aswegan*, 2023 WL 2898595, at *4 (D. Minn. Apr. 11, 2023) (dismissing claims with prejudice because the plaintiff "cannot amend the complaint to allege facts that 'contradict the allegations in the original complaint.'").

## CONCLUSION

Nile respectfully requests that Eames' SAC be dismissed, with prejudice.

DATED: November 24, 2025                    Respectfully submitted,

UB GREENSFELDER LLP

/s/ Mary Ann L. Wymore
Mary Ann L. Wymore, MO # 44061
mwymore@ubglaw.com
10 South Broadway, Suite 2000
St. Louis, Missouri 63102
(314) 241-9090 (phone)
(314) 241-8624 (fax)

MITCHELL SILBERBERG & KNUPP LLP
BRADLEY J. MULLINS
Bradley J. Mullins (*Pro Hac Vice*)
bym@msk.com
2049 Century Park East, 18th Floor
Los Angeles, CA 90067
(310) 312-2000 (phone)
(310) 312-3100 (fax)

*Attorneys for Defendant Nile*

9

21204923.2

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on this 24th day of November, 2025, the foregoing document was filed electronically by operation of the Court's electronic filing system and served on all counsel of record.

*/s/ Mary Ann L. Wymore*

21204923.2