UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| SCOTT EAMES, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 2:25CV13   HEA |
| | ) | |
| NILE, | ) | |
| | ) | |
| | ) | |
| Defendant, | ) | |

## **ORDER**

This matter is before the Court on Defendant's Motion to Dismiss, [Doc. No. 82]. Plaintiff opposes the Motion. For the reasons set forth below, the Motion is granted in part and denied in part.

### **Facts and Background[1]**

Plaintiff's Second Amended Complaint alleges:

Eames is a renowned musician who has been actively involved in the music industry most of his adult life.

Defendant NILE is a death metal band founded in 1993 that has released twelve (12) Albums, the most recent of which, "The Underworld Awaits Us All", was released August 23, 2024.

---

[1] The facts are set forth for the purposes of this Motion only. The recitation in no way relieves the parties of the necessary proof thereof in further proceedings herein.

– 1 –

Eames was a member of the band NILE from mid-2021 until October 26, 2023. Eames toured with NILE from mid-2021 to November 2022, performed guitar and vocals stage left, and was paid $700/week.

In November 2022, Eames agreement with NILE was modified by mutual agreement. Pursuant to the new terms, Eames was moved to stage-front center, performed as the Frontman, main-vocalist, and guitarist for NILE, and Eames was to perform on NILE's new album "The Underworld Awaits Us All" ("Underworld") with the album recording to take place during the ensuing year. The announcement of the Underworld album's release and tours was in October 2023. Per the Agreement, Eames was also required to train and prepare a new bassist for NILE's Underworld album.

In furtherance and in full performance of his obligations under the Agreement with NILE, Eames performed pre-production vocals for the Underworld album, created and collaborated on lyrics, music, and songs to be recorded on the Underworld album, recorded guitar solo videos for the Underworld album, trained a new bassist for the Underworld album, and traveled to South Carolina to record vocals and guitar for NILE's Underworld album.

In performance of his Agreement with NILE and in early May 2023, Eames traveled to Austria with two other NILE band members to participate in business

– 2 –

meetings and a business dinner between NILE and NILE's record album, Napalm Records Handels GMBH, regarding the Underworld album and tours.

As a member of NILE and pursuant to the Agreement, in exchange for his performance and collaboration on NILE's Underworld album, Eames was to perform on NILE's Underworld tours as a member of NILE following the album's release until October 11, 2025 (the last scheduled tour date). In exchange for his performance of the Agreement, Eames was to receive: 1) Tour compensation of $850.00/week on a weekly basis for the duration of the Underworld Tour; 2) 1/3 of NILE's net revenue from the release of the album and sales; 3) 1/3 of NILE's net royalties on future uses of the album, album streaming, and merchandise sales; and 4) 1/3 of NILE's net endorsement and advertising revenue.

Eames also had a reasonable expectation of revenue from personal endorsements and advertising in relation to his performance on NILE's Underworld album and ensuing tours.

On October 23, 2023, a fake article was posted on internet websites Medium.com and NewsBreak.com which falsely stated that Eames had been "criminally charged in Moberly, Randolph County. MO, with multiple counts of battery and sexual assault, claiming authorities were notified of the crimes and that multiple women, including a minor, had reported

years of domestic violence and abuse" ("Posts"). The articles included Eames name and a photo of Eames credited to MO Newsdesk 13 (a local cable news affiliate) and was created to appear to be an official press release. The claims in these articles are completely false and Eames has never been criminally charged with battery, sexual assault, domestic violence/abuse, or minor abuse. The articles were falsely published under the identity of a Missouri based author and self-proclaimed domestic violence advocate and survivor; the actual identity of the Posts' creators remains unknown. Contacting the purported author would have quickly revealed she had no involvement in the posts and would have revealed the deceitful, deceptive, and fraudulent intention of the Posts. NILE acknowledged the falsity of the Posts in communications with Eames.

On October 24, 2023, Eames discussed these fake Posts and false statements with NILE and assured them they were completely false and were nothing more than a smear campaign against him. NILE acknowledged Eames' innocence and assured him they knew the Posts were false and a smear campaign.

On October 26, 2024, NILE announced the band and touring lineup for its Underworld album and tours omitting Eames. An October 26, 2024, article announcing the lineup posted on Metal Insider (a prominent online heavy metal publication) indicated that Eames was surprisingly omitted from the NILE

Underworld lineup and included a link to the false Posts on Medium.com and Newsbreak.com.

NILE has at all times relevant, failed to pay Eames 1/3 of net revenue from the Underworld album release and album sales, 1/3 of net royalties on future uses of the Underworld album, album streaming, and merchandise sales, and 1/3 of NILE's net endorsement and advertising revenues related to the Underworld album.

Plaintiff's Second Amended Complaint asserts a claim for breach of contract (Count I) and unjust enrichment (Count II). Defendant moves to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**Legal Standard**

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted." The pleading standard of Rule 8(a)(2) requires a plaintiff to give "a short and plain statement...showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To meet this standard and to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This requirement of facial plausibility means the factual content of the plaintiff's allegations must

"allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Whitney v. Guys, Inc.*, 700 F.3d 1118, 1128 (8th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). The Court must grant all reasonable inferences in favor of the nonmoving party. *Lustgraaf v. Behrens*, 619 F.3d 867, 872–73 (8th Cir. 2010).

When ruling on a motion to dismiss, a court "must liberally construe a complaint in favor of the plaintiff." *Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 862 (8th Cir. 2010). But if a claim fails to allege one of the elements necessary to recover on a legal theory, the Court must dismiss that claim for failure to state a claim upon which relief can be granted. See *Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 355 (8th Cir. 2011). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; see also *Twombly*, 550 U.S. at 555. Nor does a "pleading that merely pleads 'labels and conclusions,' or a 'formulaic recitation' of the elements of a cause of action, or 'naked assertions' devoid of factual enhancement" suffice. *Hamilton v. Palm*, 621 F.3d 816, 817 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). Although courts must accept all factual allegations as true, they are not bound to take as true a legal conclusion couched as a factual allegation. *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 677–78.

Only a complaint that states a plausible claim for relief survives a motion to

dismiss. *Iqbal*, 556 U.S. at 679. Therefore, the Court must determine if the well-pleaded factual allegations "plausibly give rise to an entitlement to relief." *Id*. This "context-specific task" requires the Court to "draw on its judicial experience and common sense." *Id*.

## Discussion

### Breach of Contract

Defendant moves to dismiss Count I based, among other theories, on the statute of frauds. "To prevail on a breach of contract claim under Missouri law, the plaintiff must show, among other things, that a valid contract existed. *Arnold Crossroads, LLC v. Gander Mountain Co.*, 471 S.W.3d 721, 723 (Mo. Ct. App. 2015)." *Euphoric, LLC v. Westport Cmty. Improvement Dist.*, No. 25-3146, 2026 WL 1813514, at *3–4 (8th Cir. June 24, 2026). Contracts for a period of greater than one year are invalid unless they satisfy Missouri's statute of frauds, which provides in pertinent part that:

No action shall be brought ... upon any contract made for the sale of lands, tenements, hereditaments, or an interest in or concerning them, or any lease thereof, for a longer time than one year ... unless the agreement upon which the action shall be brought, or some memorandum or note thereof, shall be in writing and signed by the party to be charged therewith ....

Mo. Rev. Stat. § 432.010.

An agreement satisfies the statute of frauds only if its "essential terms" appear in writing. *Euphori, c*2026 WL 1813514, at *3–4; *Franklin Farms, LLC v. N. Am.*

*Auction Co.*, 554 S.W.3d 497, 500 n.3 (Mo. App. 2018). Such essential terms may not be proved through parol evidence. See *Fields v. R.S.C.D.B., Inc.*, 865 S.W.2d 877, 878 (Mo. Ct. App. 1993) ("In order to satisfy the statute of frauds a writing memorializing an agreement must be complete in and of itself, leaving no essential part to be proved by parol[ ].").

Plaintiff's Second Amended Complaint alleges the parties had an agreement that was modified in November, 2022 and was to be completed at the end of the tour, October 2025. This time frame is clearly over one year and by its terms cannot be completed within one year, thus subjecting it to the statute of frauds.

Plaintiff merely states that the parties had an agreement. Nowhere in the Second Amended Complaint does Plaintiff claim the agreement was reduced to writing or that any memorandum of agreement was executed by the parties. Indeed, Plaintiff essentially admits in his opposition that the agreement was an oral agreement. Once Defendant raised the statute of frauds in its motion to dismiss, Plaintiff was required to affirmatively "show the existence of an appropriate writing or an exception to this defense in order to avoid dismissal." *Casazza v. Kiser*, 313 F.3d 414, 418 (8th Cir. 2002). Without a written agreement containing the essential terms of the parties' agreement, Plaintiff's breach of contract action is barred by the Missouri statute of frauds. Count I will be dismissed.

Plaintiff's argument that he has partially performed the contract fails.

– 8 –

> Appellants argue that the part performance exception to the Statute of Frauds applies here because Appellants have taken possession of the residence, paid rent and utilities, refrained from finding a smaller and cheaper house, and made valuable improvements to the house consistent with the lease, all in reliance upon the alleged Oral Agreement. It is unclear from Appellants' brief or a review of the petition whether Appellants are arguing the application of this exception to Count I for breach of contract or Count II for promissory estoppel. Notably, "[t]he doctrine of part performance, interposed to avoid the defense of the statute of frauds, is a creature of equity and has no application to an action at law for breach of contract." *Urologic Surgeons, Inc. v. Bullock*, 117 S.W.3d 722, 728 (Mo. App. E.D. 2003) (quoting *Haugland v. Parsons*, 863 S.W.2d 609, 610 (Mo. App. E.D. 1992)); *see also* **\*123** *Alonzo v. Laubert*, 418 S.W.2d 94, 97 (Mo. 1967). Accordingly, as far as Appellants aim to use the part performance exception to the Statute of Frauds for Count I, it falls short.

*Crosmer v. Harris*, 718 S.W.3d 110, 122–23 (Mo. Ct. App. 2025), *reh'g denied* (July 28, 2025). Plaintiff cannot avoid application of the statute of frauds to his breach of contract claim based on part performance.

**Unjust Enrichment**

Plaintiff pleads unjust enrichment in the alternative to his breach of contract claim. Under this theory, plaintiff contends he partially performed under the parties' agreement and has not received anything from Defendant.

Partial performance in furtherance of the agreement may serve as an equitable exception to the Statute of Frauds. *Johnson v. Cook*, 167 S.W.3d 258, 264 (Mo. Ct. App. 2005) A party may avoid the bar of the Statute of Frauds if the party has performed acts that, in themselves, are evidence of the existence of the contract. *Id.*

> The acts must have been done in reliance on the contract, and the positions of the parties must have been so materially changed that it would be grossly unjust to allow the other party to rely on the Statute of Frauds. [*Johnson*, 167 S.W.3d at 264]. If partial performance is established, the party asserting that a contract exists may introduce parol evidence of the verbal terms of the contract. *Id*.

*Crosmer* 718 S.W.3d at 123.

Plaintiff's Second Amended Complaint sets forth sufficient facts to notify Defendant of his unjust enrichment claim. It states the parties' agreement, when it was to be performed, how Plaintiff partially performed, what Plaintiff was to receive for his performance and what Defendant received from Plaintiff's performance. These allegations satisfy the pleading requirements of Rule 16(b)(6). At this stage of the proceedings, Plaintiff has stated his unjust enrichment claim such that it may proceed. The motion to dismiss Count II will be denied.\

## Conclusion

Based upon the foregoing analysis, Defendant's motion to dismiss Count I is well taken. The motion as to Count II is, however, not meritorious.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, [Doc. No. 82], is granted in part and denied in part.

**IT IS FURTHER ORDERED** that Count I of Plaintiff's Second Amended Complaint is dismissed.

Dated this 15th day of July, 2026.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE